**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JASON VANSICKLE,

  Petitioner - Appellant,

v.

JEROLD BRAGGS, JR.,

  Respondent - Appellee.

No. 17-7035
(D.C. No. 6:14-CV-00556-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

  Pro se state prisoner Jason Vansickle seeks a certificate of appealability ("COA")

to challenge the district court's dismissal of his application for a writ of habeas corpus

under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the

final order in a habeas corpus proceeding in which the detention complained of arises out

of process issued by a State court"). Exercising jurisdiction under 28 U.S.C. § 1291, we

deny a COA and dismiss this matter.

## I. BACKGROUND

  Mr. Vansickle was convicted and sentenced to 20 years for aggravated

manufacture of methamphetamine. The Oklahoma Court of Criminal Appeals ("OCCA")

---

  [*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied his direct appeal, which challenged the sufficiency of the trial evidence. The

OCCA denied his application for post-conviction relief, ruling he had procedurally

defaulted eight claims his application asserted and denying the ninth claim for ineffective

assistance of appellate counsel.

Mr. Vansickle's § 2254 application listed 10 grounds for relief, the same grounds

asserted in his direct appeal and his post-conviction review application:

(1) The evidence was insufficient to prove the elements of the crime beyond a reasonable doubt.

(2) The trial court erred in not giving jury instruction OUJI-CR (2d) 9-13 concerning corroboration of confessions.

(3) The trial court erred in failing to sustain Petitioner's request for a mistrial based on the mistaken verdict form first submitted by the jury.

(4) Petitioner's state and federal rights to due process were violated by improper destruction of evidence important to his defense.

(5) The trial court erred in failing to conduct a *Daubert* hearing regarding expert testimony which violated due process and the right to avoid unnecessary prejudice, resulting in a fundamentally unfair and tainted trial and jury.

(6) Prosecutorial misconduct denied Petitioner his right to due process of law and a fair trial.

(7) The district court misapplied the sentencing guidelines by including both the weight of the wastewater and extractable methamphetamine in determining the base offense level, in violation of the U.S. Sentencing Guidelines.[1]

(8) The cumulative effect of all the errors addressed above deprived Petitioner of a fair trial.

(9) Petitioner received ineffective assistance of trial counsel.

---

[1] Mr. Vansickle was prosecuted and sentenced under state law. The U.S. Sentencing Guidelines have no application to his case.

(10) Petitioner received ineffective assistance of appellate counsel.

The district court held that claims (2)-(9) are procedurally barred. It denied the remaining two claims— (1) insufficiency of the evidence and (10) ineffective assistance of appellate counsel. The court also refused to grant a COA. *See* ROA, Vol. I at 229-54.

## II. COA AND AEDPA

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Before we may exercise jurisdiction over Mr. Vansickle's appeal, he must obtain COAs for the issues he wishes to raise. *See* 28 U.S.C. §§ 2253(c)(1)(A), (c)(3). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck*, 137 S. Ct. at 773 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

As to the district court's dismissal of claims 2-9 on procedural grounds, we will grant a COA only if the applicant can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In making the COA determination, we must follow the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs federal habeas review of state

3

court decisions.  *See* 28 U.S.C. § 2254.  If state court proceedings adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

## III.  DISCUSSION

Mr. Vansickle seeks a COA on his insufficient evidence and ineffective assistance of appellate counsel claims.  He also appears to request a COA to review the district court's decision that eight of the claims in his § 2254 application are procedurally barred.[2]

### A.  *Claim (1) - Sufficiency of the Evidence*

In *Jackson v. Virginia,* 443 U.S. 307 (1979), the Supreme Court held "that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." *Id.* at 321. The Court further held that in reviewing such a claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319

---

[2] Because Mr. Vansickle is pro se, we liberally construe his filings but do not act as his advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

4

(emphasis in original). *See Hancock v. Trammell*, 798 F.3d 1002, 1026, 1031 (10th Cir. 2015) (applying AEDPA deference to the OCCA's sufficiency of the evidence determination under the *Jackson* standard).

Because the OCCA applies a sufficiency-of-evidence standard that is at least as strict as that in *Jackson,* we review its decision with AEDPA deference. *See Patton v. Mullin,* 425 F.3d 788, 795 (10th Cir.2005) (we grant AEDPA deference to state-court decisions that applied a legal standard either identical to the federal standard or more favorable to the habeas applicant than the federal standard).

The trial evidence showed that when officers executed a search warrant at Mr. Vansickle's residence, a shed behind his mother's house, they found him asleep on a bed and they seized methamphetamine and drug paraphernalia. Mr. Vansickle told them he lived in the shed. He argued on direct appeal and in his habeas application that the evidence was insufficient to show he had dominion or control over the drugs. The OCCA found "the State presented sufficient evidence from which the jury inferred that Vansickle had dominion and control over the manufacturing process." ROA, Vol. I at 134. The court based its conclusion on the following:

> Appellant lived in a shed on his mother's property. The shed, which was comprised of two rooms, was littered with the tools and materials necessary to manufacture methamphetamine. Vansickle's ID and some articles of clothing were found in the shed. Vansickle admitted that he lived in the shed. Moreover, nothing in the record suggests anyone else had entered or used the shed, which would allow for a reasonable inference by the jury that Vansickle had exclusive access.

> The conviction is further justified by the fact whenever Vansickle entered the shed to go to his bedroom, he had to pass through the room containing most of the evidence of the manufacturing process. In his bedroom, there was also a basket

5

hanging from the ceiling containing items readily associated with both the manufacture and consumption of methamphetamine. This case is analogous to *Brumfield v. State*, 2007 OK CR 10, 155 P.3d 826, wherein this Court held that when the defendant's "home and property were littered with the essential ingredients for methamphetamine manufacture—or evidence that essential ingredients had recently been present," there was sufficient evidence to uphold an aggravated manufacture of methamphetamine conviction. *Brumfield* at ¶ 24, 155 P.3d at 836.

ROA, Vol. I at 134-35.

In his brief, Mr. Vansickle relies on *United States v. Jones*, 49 F.3d 628 (10th Cir. 1995), in which two defendants had been convicted for (1) possession of cocaine with intent to distribute and (2) carrying and using a gun during drug trafficking, *id.* at 629. This court reversed for insufficient evidence. *Id.* Unlike this case, *Jones* was a direct criminal appeal and not a § 2254 habeas proceeding subject to AEDPA review. More important, the facts are inapposite. Jones involved a traffic stop of a car with four passengers that led to a search of the trunk, where a patrol officer found cocaine and a gun. *Id.* at 630. One of the passengers testified that she saw the defendants put items in the trunk, but she was "the only witness who could have connected either defendant to the gun and the crack cocaine, [and] saw neither a gun nor a package of any kind remotely resembling the package of crack cocaine." *Id.* at 631. There was otherwise no evidence linking the defendants to the drugs and gun. *Id.* Here, the drugs and paraphernalia were found in Mr. Vansickle's residence while he was sleeping there, and, as the OCCA pointed out, there was other evidence supporting dominion and control over the manufacturing materials.

6

Having reviewed the trial record, and for substantially the same reasons stated by the district court in denying Mr. Vansickle habeas relief, *see* ROA, Vol. I at 232-37, we conclude he has not established that the OCCA's decision on the sufficiency of the evidence claim was contrary to or an unreasonable application of clearly established Supreme Court law, nor that it was based on an unreasonable determination of the facts. We further conclude that reasonable jurists would not debate the district court's resolution of this issue. A COA is therefore unwarranted.

## B. *Claims (2)-(9) - Procedural Default*

Mr. Vansickle raised eight claims in his § 2254 application—claims (2)-(9)—that were not raised on direct appeal. He had presented them in his application for post-conviction relief, which the state court denied. The OCCA affirmed, concluding he had waived these claims by failing to raise them on direct appeal. ROA, Vol. I at 225-26.

The district court determined that the OCCA's denial of the petition for post-conviction relief on the procedural ground that the claims should have been raised on direct appeal was an independent and adequate state ground that bars federal habeas review. The court further determined that Mr. Vansickle had not shown cause and prejudice for the procedural default or a miscarriage of justice based on actual innocence. *See* ROA, Vol. I at 237-41.

In his brief to this court, Mr. Vansickle presents two issues—insufficient evidence and ineffective assistance of appellate counsel. In his discussion of the second issue, there is reference to "procedural default waiver," "stand alone independent claims," "overcoming the default," and "affirmatively demonstrated actual innocence," Aplt. Br.

7

at 8-9, indicating he wishes to challenge the district court's procedural bar ruling. But he makes no arguments other than the assertion that "the District court's order refusing in this case to excuse the State court procedural defaults is clearly erroneous and constitutes a plain legal error." *Id.* at 9. And he makes no argument to show why the district court's analysis was wrong.

Moreover, we agree, for substantially the same reasons stated in the district court's opinion,[3] that Mr. Vansickle's claims (2)-(9) are procedurally barred. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. We therefore deny a COA on these claims.

### C. *Claim (10) - Ineffective Assistance of Appellate Counsel*

To establish ineffective assistance of counsel, an applicant must show (1) constitutionally deficient performance that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). If the applicant is unable to show either "deficient performance" or "sufficient prejudice," the ineffective assistance claim "necessarily fails." *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010).

---

[3] The district court held procedural bar was appropriate for the ineffective assistance of trial counsel claim because different attorneys represented Mr. Vansickle at trial and on appeal, and because the claim could be resolved on the trial record. *See English v. Cody*, 146 F.3d 1257, 1263-64 (10th Cir. 1998); *Cannon v. Trammell*, 796 F.3d 1256, 1260 (10th Cir. 2015).

Mr. Vansickle alleges his appellate counsel was ineffective because he failed to raise the issues in claims (2)-(9) on direct appeal. The OCCA rejected the ineffective assistance of appellate counsel claim, finding that Mr. Vansickle had not demonstrated prejudice as to any of the underlying issues. It said that appellate counsel's failure to raise these issues would not have changed the outcome of the direct appeal. ROA, Vol. I at 226-27. The district court examined the eight issues and concluded that the OCCA's no-prejudice determination on each one was not contrary to or an unreasonable application of *Strickland* and was not based on an unreasonable determination of facts. ROA, Vol. I at 242-53; *see* 28 U.S.C. § 2254(d)(1)-(2).

In his brief to this court, Mr. Vansickle, apart from general assertions, fails to address the OCCA's and the district court's analyses. Aplt. Br. at 8-9. In particular, he fails to show how the outcome of his direct appeal would have been different had appellate counsel raised one or more of issues (2)-(9).

We have reviewed each of the eight issues in light of the trial record and, for substantially the same reasons stated by the district court, conclude the OCCA's ruling was reasonable under AEDPA review. Reasonable jurists would not debate the district's court's resolution of the ineffective-assistance-of-appellate-counsel issue. A COA is therefore not warranted.

## IV.  **CONCLUSION**

Mr. Vansickle has not shown that reasonable jurists could debate the correctness of the district court's denial of his § 2254 habeas application.  *Slack*, 529 U.S. at 484.  We deny his COA request and dismiss this matter.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge